**SENEX EXPLOSIVES,
INC., Petitioner**

v.

**COMMONWEALTH of Pennsylvania,
Respondent.**

Commonwealth Court of Pennsylvania.

Submitted on Briefs April 17, 2013.

Decided May 22, 2013.

Charles L. Potter, Jr., Pittsburgh, for petitioner.

Clinton G. Smith, Jr., Senior Deputy Attorney General, Harrisburg, for respondent.

BEFORE: PELLEGRINI, President Judge, LEADBETTER, Judge, COHN JUBELIRER, Judge, SIMPSON, Judge, LEAVITT, Judge, McCULLOUGH, Judge, and COVEY, Judge.

OPINION BY Judge SIMPSON.

Pursuant to Pennsylvania Rule of Appellate Procedure 1571(i), both the Commonwealth of Pennsylvania Board of Finance and Revenue (Commonwealth), and Petitioner Senex Explosives, Inc. (Taxpayer) filed exceptions to this Court's December 19, 2012, Opinion and Order.[1] In that order, we affirmed the Board of Finance and Revenue (Board) as to tax liability for fuel use under the Motor Carriers Road Tax Act (Act),[2] which implements the International Fuel Tax Agreement (IFTA),[3] but we reduced liability by the amount attributed to mileage of special mobile

---

1. *Senex Explosives, Inc. v. Commonwealth,* 58 A.3d 131 (Pa.Cmwlth.2012).

2. 75 Pa.C.S. §§ 9601–9622.

3. IFTA is a multi-jurisdictional agreement relating to the administration of fuel usage taxes applicable to entities operating heavy trucks (mostly over 26,000 pounds).

equipment (SME), which is not subject to the Act. Upon careful review, we deny the exceptions.

## I. Background

In our initial decision, we determined the Board properly denied Taxpayer's claim to tax paid fuel credits because Taxpayer lacked the requisite records to show the amount of fuel used in its qualifying motor vehicles. Significant to our rationale, Taxpayer did not maintain records to monitor fuel disbursements from the bulk fuel tanks as to its qualifying and non-qualifying vehicles. The parties' exceptions were submitted on briefs to this Court *en banc*.

The underlying facts, which are set forth fully in our initial panel opinion, need not be restated here. We briefly review the facts pertinent to the exceptions before us.

Taxpayer owns a bulk fuel tank, for which it purchased fuel from a supplier, and from which it fueled both qualifying vehicles and non-qualifying vehicles used in its drilling business.

Qualifying vehicles include trucks and tractor-trailers and are subject to tax under the Act. *See* 75 Pa.C.S. § 9603. Non-qualifying vehicles are exempt from tax, including SME.[4] 75 Pa.C.S. § 2105(a)(7). Notably, Taxpayer placed IFTA decals on 13 vehicles operated as SME. Because these 13 SME were improperly decaled, indicating IFTA operating privileges, the auditor included the mileage of these drilling rigs in its calculation of tax liability. Despite their exempt status under the Act, the Board subjected SME to tax liability on the same basis as the properly decaled IFTA vehicles.

In our prior opinion, this Court affirmed the Board as to the tax credit issue, and disallowed credits related to Taxpayer's operation of bulk fuel tanks because Taxpayer did not maintain records of fuel allocated to specific vehicles as IFTA required. We also determined SME should not have been included in the tax liability because SME are expressly exempt from the Act pursuant to Section 2105 of the Vehicle Code, 75 Pa.C.S. § 2105. Consequently, the Board lacked authority to impose taxes on SME. We address the parties' exceptions in turn.

## II. Taxpayer's Exceptions

In turning to Taxpayer's exceptions, which are limited to the tax credit issue, we note Taxpayer presents the same issues and arguments this Court addressed in our prior opinion. As Taxpayer presents no basis for abandoning our reasoning or reliance upon *R & R Express v. Commonwealth*, 37 A.3d 46 (Pa.Cmwlth.2012), *aff'd*, —— Pa. ——, 65 A.3d 900 (2013), recently affirmed by our Supreme Court, we overrule Taxpayer's exceptions.

## III. Commonwealth's Exceptions

The Commonwealth filed exceptions to this Court's conclusion that Taxpayer did not owe fuel tax on the use of SME. The Commonwealth argues the Court shifted the burden of proof as to Taxpayer's use of SME to the Commonwealth when the taxpayer bears the burden of proving an exemption from assessment. The Commonwealth also takes exception to the amount of relief to be awarded to Taxpayer if its SME are not subject to tax. The Commonwealth contends this Court's order essentially allows SME to operate using IFTA decals and receive related benefits,

---

4. Special mobile equipment are defined in Section 102 of the Vehicle Code, 75 Pa.C.S. § 102, as vehicles not primarily designed for transportation, to which machinery is attached, and which are only incidentally operated or moved over a highway.

while simultaneously avoiding IFTA requirements.

We construe the Act in conjunction with the definitions in Chapter 21 of the Vehicle Code. *See* Section 2101 (Construction) of the Vehicle Code, 75 Pa.C.S. § 2101. IFTA is limited in scope to "qualified motor vehicles." *See* IFTA R800, R810 ("tax reporting under this Agreement shall be for qualified motor vehicles as defined in this Agreement."). The IFTA definition of "qualified motor vehicle" in Sections R245 and R810 mirrors that contained in Section 2101.1 of the Vehicle Code, 75 Pa.C.S. § 2101.1.

The definition of "qualified motor vehicle" does not extend to any and all vehicles, including those expressly exempt, so long as the vehicle is decaled as an IFTA vehicle. *Id.; see also* IFTA R245 (definition of "qualified motor vehicle"). Were that the case, this Court may be persuaded by the Commonwealth's argument. Instead, principles of statutory construction dictate the result here.

Section 2105 of the Vehicle Code, entitled "Exemptions," states "the requirements of this chapter [Motor Carriers Road Tax Identification Markers] and Chapter 96 (relating to motor carriers road tax) [*i.e.,* the Act], do not apply to the following vehicles . . . special mobile equipment." The plain language of the provision excludes SME from the Act. *See* 1 Pa.C.S. § 1903.

■ The definitions of SME and qualified motor vehicles are mutually exclusive. Qualified motor vehicles are subject to IFTA because they use interstate highways. By definition, they are vehicles "used, designed or maintained for transportation of persons or property." Section 2101.1 of the Vehicle Code, 75 Pa.C.S. § 2101.1. Conversely, SME are "not designed or used primarily for the transportation of persons or property . . . and only incidentally operated or moved over a highway." Section 102 of the Vehicle Code, 75 Pa.C.S. § 102. Unlike other exceptions from the Act that depend upon the use of the vehicle, SME are excluded by definition. As we read these definitions, a vehicle cannot be both SME and a qualified motor vehicle.

The Commonwealth cites Section R840 of IFTA as instructive. In our view, however, IFTA R840 does not command a different result. We construe Section R840 in context of IFTA as a whole.

Section R800 of IFTA provides "the procedures contained in this Agreement apply to motor fuel use taxes that are imposed by each jurisdiction on the consumption of motor fuel in qualified motor vehicles." Section R810 iterates that IFTA applies only to qualified motor vehicles as defined in IFTA, which definition is the same as that in the Vehicle Code. Section R840 is limited to fuel purchases and travel by qualified motor vehicles. As to these qualified motor vehicles, a licensee may include fuel purchases and travel when operated exclusively within a jurisdiction by obtaining IFTA decals for intra-jurisdictional vehicles. The provision is limited to qualified vehicles.[5]

■ The Commonwealth further asserts this Court improperly placed the

---

5. For the first time in its brief in support of its exceptions, the Commonwealth argues SME are also "qualified motor vehicles." *See* Respondent's Br., 3/13/2013, at 17. This new and unsupported assertion seems at odds with concessions in the Commonwealth's initial brief: that the Taxpayer had 14 vehicles that qualify as SME "and they were so designated by the auditor in his Narrative Findings" (*see* Respondent's Br., 7/27/12, at 18); and, that Taxpayer "operated both non-qualifying equipment and qualifying vehicles (which were not special mobile equipment)." (*Id.* at 20).

burden of proving the SME are exempt on the Commonwealth rather than Taxpayer. Although we agree with the Commonwealth that Taxpayer bears the burden of proving a tax was improperly assessed,[6] we disagree that it is incumbent upon Taxpayer to establish that IFTA does not apply to SME; the law states as much. Rather, the burden resides with the Commonwealth to establish its authority to impose tax upon a vehicle when that vehicle is clearly excluded from the Act from which it derives taxing authority. *Lehigh–Northampton Airport Auth. v. Lehigh Cnty. Bd. of Assessment Appeals*, 585 Pa. 657, 889 A.2d 1168 (2005) (distinction between exemption and exclusion, burden as to exclusion resides in taxing body); *see generally Adelphia House P'ship v. Commonwealth*, 709 A.2d 967, 970 (Pa.Cmwlth. 1998) ("Whether a taxing provision is an 'exemption' to be strictly construed against [taxpayer] or an 'exclusion' to be construed against the taxing body is not controlled by what it is called, but by its language and the effect of that language.").

The Commonwealth does not dispute the 14 vehicles are SME, or that SME are exempt by definition. Taxpayer did not need to prove the drilling rigs qualified as SME. Indeed, these are matters stipulated and set forth in the auditor's report. Instead, the Commonwealth contends it has the power to impose a tax on SME because Taxpayer placed IFTA decals on them. We underscore our reasoning from our prior opinion here: the placement of IFTA decals upon a vehicle does not eliminate the statutory exclusion for that vehicle and establish the application of IFTA to that vehicle, along with all associated IFTA requirements.

In support of its exceptions, the Commonwealth did not cite any authority for treating improperly decaled vehicles as qualifying vehicles subject to its authority. We hold Taxpayer's SME are exempt from the Act and are not subject to IFTA as a matter of law. Accordingly, we deny the Commonwealth's exception as to the inclusion of SME in its tax liability calculation.

The Commonwealth's remaining arguments rely upon its presumption that SME are properly treated as qualified motor vehicles subject to IFTA. As we hold SME are not also qualified motor vehicles, they are not subject to IFTA record-keeping requirements or tax liability. Therefore, we deny the Commonwealth's exceptions to the reduction of Taxpayer's tax liability by the mileage attributed to SME.

As to the calculation of tax liability attributed to the SME, there are sufficient facts in the stipulated record from which we reached our calculation. The Commonwealth does not find fault with the number of miles attributed to SME that form the basis for the reduction of tax liability. Moreover, the Commonwealth does not offer any legal or factual grounds to support an alternate calculation. Finding none, and in accordance with our conclusion that the Board erred in approving the inclusion of SME mileage in the calculation of IFTA tax liability, we deny the Commonwealth's exception as to this issue.

## IV. Conclusion

In sum, based on the foregoing, we deny the Taxpayer's exceptions, and we deny the Commonwealth's exceptions, thereby confirming this Court's order of December 19, 2012.

Judge BROBSON did not participate in the decision in this case.

**6.** *Fiore v. Commonwealth*, 668 A.2d 1210 (Pa. Cmwlth.1995), *aff'd*, 547 Pa. 357, 690 A.2d 234 (1997).

1272

## ORDER

**AND NOW**, this 22nd day of May, 2013, Senex Explosives, Inc.'s Exceptions filed in the above-captioned matter are **DENIED**. Further, the Commonwealth's Exceptions are **DENIED**. This Court's Opinion and Order dated December 19, 2012, is **CONFIRMED**, and the Chief Clerk is directed to enter **JUDGMENT** in accordance therewith.